**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Farrel J. Griffin, | ) | Case No. 12 B 39403 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**<u>NOTICE OF MOTION</u>**

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Wednesday, May 28, 2014, at 10:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **First and Final Application of Alan D. Lasko & Associates, P.C. For Allowance Compensation And Expenses** , at which time and place you may appear if you so desire.

Dated: May 1, 2014

LEROY G. INSKEEP, not individually but as Chapter 7 Trustee for the bankruptcy estate of Griffin Trading Company, Inc.

By: *Catherine L. Steege* _____
One of his attorneys

Catherine L. Steege (06183529)
Melissa M. Hinds (6288246)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH: 312/923-2952
FAX: 312/840-7355

## CERTIFICATE OF SERVICE

I, Catherine Steege, certify that I caused a copy of the foregoing **First and Final Application of Alan D. Lasko & Associates, P.C. For Allowance Compensation And Expenses** to be served upon the parties listed on the attached Service List by depositing same in the U.S. Mail receptacle located at 353 N. Clark Street, Chicago, Illinois, before the hour of 4:00 p.m. on May 1, 2014.


_____ /s/  Catherine L. Steege _____

## SERVICE LIST

Farrel J. Griffin
PO Box 1635
Southern Pines, NC 28388-1635

Donna J. Griffin
P.O. Box 1635
Southern Pines, NC 28388-1635

Steven B Towbin
Richard M. Fogel
Shaw Fishman Glantz & Towbin LLC
321 N Clark St
Suite 800
Chicago, IL 60654-4766

Bettie Kelley Sousa
Smith Debnam Narron Drake Saintsing
4601 Six Forks Road, Suite 400
Raleigh, NC 27609-5270

James Hamilton
PO Box 1776
Southern Pines, NC 28388-1776

Stifel Bank & Trust
Securities Based Lending
Suite 216
955 Executive Parkway
Sant Louis, MO 63141

Grier Furr & Crisp PA
Suite 1240
101 N. Tryon Street
Charlotte, NC 28246

Progress Energy Carolinas, Inc.
Raleigh, NC 27698-0001

Jane Riepl
225 Galway Drive
Chapel Hill, NC 27517-6558

Matthew J. Fischer
Schiff Hardin
233 S. Wacker Dr., Ste. 6600
Chicago, IL 60606-6307

Rachel Jurgens
PO Box 1083
Southern Pines, NC 28388-1083

Grier Furr & Crisp PA
101 N. Tryon Street, Suite 1240
Charlotte, NC 28246-0104

Robbins May & Rich LLP
120 Applecross Road
Pinehurst, NC  28374

Wells Fargo Bank, N.A.
PO Box 660930
Dallas, TX  75266-0930

Leroy Inskeep
Trustee for Griffin Trading
Suite 1900
203 N. LaSalle St.
Chicago, IL  60611

Roger S. Griffin
1500 N. Lake Shore Drive
Chicago, IL  60611

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Estate of Farrel J. Griffin** | ) | **No. 12 B 39403** |
| | ) | |
|       46-6544573 | ) | **Chapter 7** |
|       **Debtor** | ) | |
| | ) | **Hon. Carol A. Doyle** |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public

Accountants, request first and final compensation of $1,834.00 and expenses of $17.70 for the

time period from February 12, 2014 through April 10, 2014. A detail is provided herein for the

Estate, which identifies by subject matter the services performed by the Applicant. Additional

detail is provided to reflect the function and individual performing said services. Lastly, each

individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit

pursuant to Bankruptcy Rule 2016.


### INTRODUCTION


This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. §

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## ESTATE OF FARREL J. GRIFFIN

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11

of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1

of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the

Local Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the

United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").


Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has

received or may receive in these cases with another person or party other than the Firm's

associates and other employees, or (b) any compensation another person or party has received or

may receive in these cases.


### GENERAL


The Debtor filed a petition under Chapter 7 on or about December 22, 2012. A Trustee was

subsequently appointed. On or about February 12, 2014, Alan D. Lasko & Associates, P.C. was

approved by the Court as the accountants for the Trustee. Reflected in this Fee Application is the

Applicant's time for preparing the Estate's initial and final period 2014 income tax returns.

2

## ESTATE OF FARREL J. GRIFFIN

### FEE APPLICATION

The fees sought by this First and Final Fee Application reflect an aggregate of 11.8 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

## ESTATE OF FARREL J. GRIFFIN

### BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

### BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

Cost                    $117.60

A recap of compensation for this category is as follows:

|                   | Hours | Rate        | Amount      |
|-------------------|-------|-------------|-------------|
| A. Lasko          | 0.2   | $ 278.00    | $    55.60  |
| C. Wilson, Staff  | 1.0   | 62.00       | 62.00       |
|                   | 1.2   |             | $   117.60  |

### TAX PREPARATION

The Applicant incurred 10.6 hours in preparation of the Estate's initial and final period 2014 income tax returns. Time includes the estimate for the preparation of the Estate's information tax returns.

Cost                    $1,716.40

A recap of compensation for this category is as follows:

|                   | Hours | Rate        | Amount      |
|-------------------|-------|-------------|-------------|
| A. Lasko          | 4.1   | $ 278.00    | $  1,139.80 |
| K. Seyller, Staff | 2.9   | 102.00      | 295.80      |
| J. Lasko, Staff   | 3.6   | 78.00       | 280.80      |
|                   | 10.6  |             | $  1,716.40 |

4

## ESTATE OF FARREL J. GRIFFIN

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| | | | |
|---|---|---|---|
| Owner | $275 | - | $280 |
| Manager/Director | 220 | - | 275 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | Amount |
|---|---|
| Billing | $ 117.60 |
| Tax Preparation | 1,716.40 |
| Net Request | $ 1,834.00 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $ 117.60 | $ 98.00 |
| Tax Preparation | 10.6 | 1,716.40 | $ 161.92 |
| | 11.8 | $ 1,834.00 | $ 155.42 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the

5

amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| Recap | | |
|---|---|---|
| Copy Costs | $ | 9.70 |
| Delivery | | 8.00 |
| | $ | 17.70 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.

(A)    the time spent on such services;

(B)    the rates charged for such services;

6

(C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended,

7

### ESTATE OF FARREL J. GRIFFIN

was carefully assigned in view of the experience and expertise required for a particular task.

Accordingly, approval of the first and final compensation sought herein for the Compensation

Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the

circumstances and its allowance would be appropriate. Therefore, the requested first and final

compensation of $1,834.00 and expenses of $17.70 should be allowed for services by your

Applicant for the period February 12, 2014 through April 10, 2014.


Alan D. Lasko


Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Estate of Farrel J. Griffin | ) | No. 12 B 39403 |
| | ) | |
| 46-6544573 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Carol A. Doyle |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
              )     **SS.**
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.  I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Leroy G. Inskeep, Chapter 7 Trustee in this case ("Trustee").

2.  I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.  Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _____ day of April, 2014.

_____
Notary Public

> OFFICIAL SEAL
> CLAUDETTE WILSON
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:05/10/16

9

**EXHIBIT A**

**ORDER OF EMPLOYMENT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                               )         BK No.:   12-39403
Farrel J. Griffin                    )
                                     )
                                     )         Chapter: 7
                                     )         Honorable Carol Doyle
                                     )
                                     )
           Debtor(s) )

## ORDER GRANTING MOTION TO RETAIN ACCOUNTANT

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion To Retain Accountants; due and proper notice of the Motion having been given; the Court having heard from all interested parties; and the Court having jurisdiction over this core proceeding and being fully advised in the premises;

IT IS HEREBY ORDERED that:

1. The Trustee's Motion is hereby granted.

2. The Trustee is hereby authorized to retain Alan D. Lasko and the accounting firm of Alan D. Lasko & Associates, P.C. to act as his accountants, their compensation to await further order of Court.


Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  February 12, 2014

**Prepared by:**

**EXHIBIT B**

**PERSONNEL**

## ESTATE OF FARREL J. GRIFFIN

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 28 years. He brings his 38 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

Karen Seyller – Staff

Ms. Seyller had worked as a part-time intern for a tax law practice preparing income tax returns over two tax seasons. Subsequently, Ms. Seyller then had worked full time as a tax accountant for a medical care company over the last five years. Duties include the preparation of various types of tax returns of the business including but not limited to income tax returns, gross receipts returns, sales and use tax returns, as well as being involved in other general ledger duties of the company. Ms. Seyller has a Bachelor's Degree in Accounting from Saint Xavier University. She is also attending John Marshall Law School to complete her JD in 2014.

## ESTATE OF FARREL J. GRIFFIN

Joseph Lasko – Staff

Mr. Lasko is a third-year staff intern person performing accounting and tax services.  Mr. Lasko has a Bachelor's Degree in Marketing from the University of Iowa.  Mr. Lasko has also completed several post graduate accounting courses.

.

**EXHIBIT C**

**STAFF LEVELS**

## ESTATE OF FARREL J. GRIFFIN

### STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

## EXHIBIT D

## ACTUAL TIME FROM TIME SLIPS

## EXHIBIT D-1

## TAX PREPARATION

4/10/2014                         Alan D. Lasko & Associates, P.C.
10:08 AM                              Pre-bill Worksheet                              Page      1

---

## Selection Criteria

Clie.Selection          Include: Griffin Farrel J.002; Griffin Farrel J.012

---

Nickname          Griffin Farrel J.002 | 4363
Full Name         Estate of Farrel J. Griffin
Address           c/o Leroy Inskeep, Trustee
                  203 N. LaSalle Street
                  Suite 1900
                  Chicago IL 60601-1293
Phone 1                               Phone 2
Phone 3                               Phone 4
In Ref To         tax preparation
Fees Arrg.        By billing value on each slip
Expense Arrg.     By billing value on each slip
Tax Profile       Exempt
Last bill
Last charge       4/5/2014
Last payment                          Amount      $0.00

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 2/12/2014 123001 | A. Lasko 800 | 278.00 | 0.40 | 111.20 | Billable |
| | review of material received from trustee's counsel to date and prepared document and information request regarding same re: for tax preparation of estate | | | | |
| 2/13/2014 123029 | A. Lasko 800 | 278.00 | 0.30 | 83.40 | Billable |
| | review of file and data received from trustee in repsonse to prior quesitons and prepared list of quesitons for trustee's counsel regarding possible 2013 and 2014 estate tax preparation | | | | |
| 2/23/2014 123263 | A. Lasko 800 | 278.00 | 0.90 | 250.20 | Billable |
| | review of correspondence from trustee and review of debtor's 2012 return that was turned over to the trustee | | | | |
| 2/23/2014 123264 | A. Lasko 800 | 278.00 | 0.60 | 166.80 | Billable |
| | prepared recap of tax questions and comments to trustee for 2013 and potential final year 2014 estate returns | | | | |
| 3/13/2014 123955 | A. Lasko 800 | 278.00 | 0.30 | 83.40 | Billable |
| | prepared information request to trrustee's counsel for year 2014 estate tax return preparation | | | | |

4/10/2014                           Alan D. Lasko & Associates, P.C.
10:08 AM                                 Pre-bill Worksheet                                    Page      2

Griffin Farrel J.002:Estate of Farrel J. Griffin (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 3/14/2014 123964 | J. Lasko 800 | 78.00 | 2.40 | 187.20 | Billable |
| | prepartion of workpapers and tax returns for 2014 | | | | |
| 3/21/2014 123954 | A. Lasko 800 | 278.00 | 0.60 | 166.80 | Billable |
| | review of all correspondence and other documents received from trustee re: estate tax preparaton status of work to do | | | | |
| 3/21/2014 124278 | K. Seyller 800 | 102.00 | 2.60 | 265.20 | Billable |
| | performed detail tracing review of intial and final 2014 income tax returns. | | | | |
| 4/2/2014 124686 | A. Lasko 800 | 278.00 | 0.40 | 111.20 | Billable |
| | prepared changes to net operating loss calculation and tax discharge attribute offsets on final return | | | | |
| 4/2/2014 124717 | A. Lasko 800 | 278.00 | 0.20 | 55.60 | Billable |
| | preparation of irs 60 day letter for final return | | | | |
| 4/2/2014 124718 | A. Lasko 800 | 278.00 | 0.40 | 111.20 | Billable |
| | sign off of federal and state tax returns and irs 60 day copy and letter for final return | | | | |
| 4/5/2014 125147 | J. Lasko 800 | 78.00 | 1.20 | 93.60 | Billable |
| | Estimated time to prepare estate's final information tax returns and cover letter to trustee | | | | |
| 4/5/2014 125148 | K. Seyller 800 | 102.00 | 0.30 | 30.60 | Billable |
| | Estimated time to review estate's final information tax returns and cover letter to trustee | | | | |

| TOTAL | Billable Fees | | 10.60 | | $1,716.40 |
|---|---|---|---|---|---|

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 4/2/2014 124737 | C. Wilson 115 | 9.70 | 1.000 | 9.70 | Billable |
| | Photocopy costs for 2014 Forms 1041 income tax returns - 97 pages @ $.10 per page. | | | | |

4/10/2014                          Alan D. Lasko & Associates, P.C.
10:08 AM                                 Pre-bill Worksheet                                      Page      3

Griffin Farrel J.002: Estate of Farrel J. Griffin (continued)

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 4/3/2014 124809 | C. Wilson 116 | 8.00 | 1.000 | 8.00 | Billable |
| | Delivery of 2014 Forms 1041 income tax returns to Leroy Inskeep - confirmation #1402162108. | | | | |

| TOTAL | Billable Costs | | | | $17.70 |

---

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| **Fees Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable time slips | $1,716.40 | |
| Total of Fees (Time Charges) | | $1,716.40 |
| **Costs Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable expense slips | $17.70 | |
| Total of Costs (Expense Charges) | | $17.70 |
| Total new charges | | $1,734.10 |
| **New Balance** Current | $1,734.10 | |
| Total New Balance | | $1,734.10 |

**EXHIBIT D-2**

**BILLING TIME**

4/10/2014                                   Alan D. Lasko & Associates, P.C.
10:08 AM                                         Pre-bill Worksheet                                    Page      4

Nickname        Griffin Farrel J.012 | 4364
Full Name       Estate of Farrel J. Griffin
Address         c/o Leroy Inskeep, Trustee
                203 N. LaSalle Street
                Suite 1900
                Chicago IL 60601-1293
Phone 1                         Phone 2
Phone 3                         Phone 4
In Ref To       fee petition
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Last bill
Last charge     4/10/2014
Last payment                    Amount      $0.00

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------|---------------|----------------|----------------|-------|
| 4/10/2014 125170 | C. Wilson 800 Prepared fee petition. | 62.00 | 1.00 | 62.00 | Billable |
| 4/10/2014 125180 | A. Lasko 800 Prepared fee petition | 278.00 | 0.20 | 55.60 | Billable |
| TOTAL | Billable Fees | | 1.20 | | $117.60 |

Total of billable expense slips                                                                        $0.00

---

### Calculation of Fees and Costs

|                                          | Amount    | Total    |
|------------------------------------------|-----------|----------|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips             | $117.60   |          |
| Total of Fees (Time Charges)             |           | $117.60  |
| Total of Costs (Expense Charges)         |           | $0.00    |
| Total new charges                        |           | $117.60  |
| New Balance Current                      | $117.60   |          |

4/10/2014                                Alan D. Lasko & Associates, P.C.
10:08 AM                                      Pre-bill Worksheet                                        Page      5

Griffin Farrel J.012:Estate of Farrel J. Griffin (continued)

|  | Amount | Total |
|---|---|---|
| Total New Balance |  | $117.60 |